```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


DAVID A. TURNER,                 )
                                 )
          Petitioner,            )
                                 )
     v.                          )    No. 4:06 CV 1473 RWS
                                 )                      DDN
JAMES PURKETT,                   )
                                 )
          Respondent.            )
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of David A. Turner, a Missouri state prisoner, for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

## I.  BACKGROUND

Turner was convicted of one count of first-degree robbery and one count of armed criminal action after a jury trial in the Circuit Court of St. Louis County on August 24, 1999. (Doc. 2 at 1.) On October 15, 1999, petitioner was sentenced to two twenty-five year terms to be served concurrently. (Id.)

Petitioner's conviction was affirmed by the Missouri Court of Appeals on July 25, 2000. (Doc. 9 Ex. E at 1.) On August 16, 2000, the mandate of the appellate court was issued. (Id. Ex. F at 1.) On October 13, 2000, petitioner filed with the circuit court a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (Id. Ex. G at 3-15.) Following an evidentiary hearing the court denied the motion on September 10, 2001. (Id. at 52.) On September 24, 2002, the Missouri Court of Appeals affirmed the judgment. (Id. Ex. K at 1.) Its mandate issued on October 30, 2002. (Id. Ex. L at 1.)

## II. PETITIONER'S GROUNDS FOR HABEAS RELIEF

In the instant petition, filed on October 6, 2006, Turner alleges the following grounds for relief:

(1) His trial counsel rendered constitutionally ineffective assistance because she failed to investigate exculpatory evidence.

(2) The trial court denied petitioner the right to due process when it admitted evidence regarding petitioner's past bad acts.

(3) During the hearing on the post-conviction motion, the circuit court denied petitioner due process when it denied his request for a continuance to subpoena his alibi witness.

(4) His trial counsel rendered constitutionally ineffective assistance by failing to subpoena petitioner's alibi and material witness, Sara White.

(5) The trial court denied petitioner due process by failing to declare a requested mistrial when a witness mentioned a prior bad act that was to be excluded pursuant to defendant's motion in limine which the trial court partially granted.

(6) The trial court denied petitioner due process when it failed to declare a mistrial after the prosecutor commented on plea negotiations during his closing statement.

(7) The trial court denied petitioner due process when it denied petitioner's motion in limine to exclude hearsay statements made by witness Amy Brusca.

(8) His counsel rendered constitutionally ineffective assistance because she failed to exclude witness Detective Roney's testimony.

(Doc. 2.)

Respondent argues that this habeas action is barred because it was not commenced within the statutory period required by 28 U.S.C. § 2244(d). (Doc. 7 at 1.)

## III. DISCUSSION

### Statute of Limitations

In pertinent part 28 U.S.C. § 2244(d)(1) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review;[1]
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A),(2).

A judgment becomes final for purposes of Section 2244 (d)(1)(A) and the statutory limitations period begins upon either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari proceedings before the United States Supreme Court are not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). A petitioner has ninety days in which to file for a writ of certiorari. See U.S. Sup. Ct. R. 13.1 (1999). Section 2244(d)(2) tolls the time during which a properly filed post-conviction relief motion is pending. 28 U.S.C. § 2244(d)(2). An application for post-conviction review in Missouri is pending for tolling purposes under § 2244(d)(2) until the mandate of the appellate court is issued. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006).

All of petitioner's federal habeas grounds were filed in this court after the one-year period expired and thus barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A). The Missouri Court of Appeals mandate on the direct appeal from the conviction and sentence was issued on August 16, 2000, triggering the one-year time limitation. (Doc. 9 Ex. F at 1-2.) Fifty-eight days later on October 13, 2000, petitioner

---

[1]Three other alternatives events which may trigger the limitation period are listed in 28 U.S.C. § 2244(d)(1). The alternatives are not applicable in the instant case.

timely filed his Rule 29.15 motion. (Id. Ex. G at 3-15.) The Missouri Court of Appeals affirmed the circuit court's denial of post-conviction relief in an opinion dated September 24, 2002, and issued its mandate on October 30, 2002. (Id. Ex. K at 1, L at 1.) Therefore, the judgment denying the Rule 29.15 motion became final on October 30, 2002, and the one-year period continued to run. The one-year period ran out three-hundred and seven days later on September 2, 2003, (365 days – 58 days). Petitioner filed the instant petition on October 6, 2006, well after he was out of time to commence this action.[2]

Therefore, this action is barred because it was commenced after the passage of the one-year statutory limitations period.

Nonetheless, the undersigned has reviewed the merits of petitioner's grounds for relief and concludes they are without merit.

**Standard of Review**

When considering a petition for habeas corpus this court's review of a state court decision adjudicated on its merits is limited to whether it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999). The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is "whether the state

---

[2]Petitioner's motion to reopen his Rule 29.15 action dated May 5, 2005, does not save his petition. By the time petitioner filed the May 5, 2005 motion, his one-year statutory limitation for the instant action had already expired on September 2, 2003.

-4-

court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000) (concurring opinion of O'Connor, J., for the court). This court may not issue a writ under the "unreasonable-application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411; see also Johnston v. Luebbers, 288 F.3d 1048, 1051 (8th Cir. 2002).

**Ground 1**

In Ground 1, petitioner alleges his trial counsel was constitutionally ineffective for failing to investigate exculpatory evidence.

Petitioner was charged with one count of first-degree robbery and one count of armed criminal action for the robbery of the Hampton Inn. At the trial, the night manager, Steve Baruzzini, testified that on May 4, 1998, at approximately four o'clock in the morning, a black male wearing a stocking cap pointed a shotgun at him and demanded money. Baruzzini and the black male struggled over the shotgun. (Doc. 9 Ex. B at 156.) Eventually, Baruzzini got the gun away from the man and the man fled. (Id. at 158-161.) Witness Amy Brusca testified at trial that petitioner told her he robbed the Hampton Inn. (Id. at 211.) Detective John Roney of the City of St. Ann Police Department testified at trial that the petitioner first denied involvement, but later confessed to the robbery. (Id. at 136-137.) Petitioner was convicted by a jury.

Petitioner claims that his counsel failed to take depositions, interview witnesses, and gather phone records that would call into question the credibility of the witnesses. Petitioner further alleged that a competent attorney would have investigated this exculpatory evidence.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined ineffective assistance of counsel under the Sixth and Fourteenth Amendments. Under the Strickland test, federal habeas corpus relief is required if it is shown that "counsel's conduct so undermined the proper

-5-

functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

There are two elements to a claim of ineffective assistance of counsel. First, a habeas petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. For this inquiry, petitioner must overcome a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Strategic choices made after thorough investigation are virtually unchallengeable, and decisions following less than thorough, but nevertheless reasonable, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690-91.

Second, the Strickland test requires the petitioner demonstrate that he was actually prejudiced by counsel's dereliction of duty. Id. at 687. To show prejudice, the petitioner must establish that counsel's deficient performance rendered the outcome of the proceeding unreliable or fundamentally unfair. Strickland, 466 U.S. at 687; Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). The prejudice must not be simply a "possibility" but an "actual" and substantial disadvantage, "infecting [petitioner's] entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Petitioner did not raise this issue on direct appeal to the Missouri Court of Appeals. Petitioner raised this issue in his Rule 29.15 motion. (Doc. 9 Ex. G at 9-11,¶¶ 2, 4, 5, 7, 10.) The circuit court, in denying post-conviction relief, applied Stickland. (Id. at 47-50.) Specifically, the court found that the evidence of the petitioner's guilt at trial was strong. (Id. at 48.) The court stated that the petitioner talked to his friends about the offense, some of whom eventually spoke with police, and later petitioner admitted to the offense in writing. (Id.) The circuit court further determined that petitioner had failed to prove that any interviews of other witnesses would have provided a viable defense. (Id.) In fact, the circuit court determined that petitioner had no such alibi witness, whom petitioner later identified as his sister. The court found that she had not been

-6-

produced at the post-conviction evidentiary hearing and petitioner did not mention her at sentencing. (Id.) The court pointed out that the petitioner could not prove any prejudice especially because the jury heard evidence of the petitioner's confession to the police. (Id.) In sum, the circuit court determined that defense counsel had not been told of such an alibi witness and that any such witness's testimony would not have resulted in a different outcome at trial. The Missouri Court of Appeals affirmed the judgment. (Id. Ex. K.)

The Missouri courts properly and reasonably applied the applicable Strickland test to the facts of the case.

Ground 1 is without merit.

**Ground 2**

In Ground 2, petitioner alleges his due process rights were violated when the trial court admitted evidence regarding petitioner's past bad acts.

Petitioner's confession to Detective Roney included the statement: "I paid for the hotel room by checks I had signed for and took from my father." Petitioner filed a motion in limine prior to trial to exclude this evidence requesting that the portion of the confession making mention of the checks be redacted. The trial court overruled the motion stating that "took" did not necessary imply that the checks were stolen. (Id. Ex. B at 143-44.) During the trial, Detective Roney testified that in his interrogation of the petitioner he asked him about checks outstanding at the Hampton Inn. (Id. at 230.) Defense counsel objected to the reference to the checks and requested a mistrial. (Id.) The request was denied but the jury was told to disregard the comment. (Id. at 231-32.) The detective later read the petitioner's statement to the jury and the statement was admitted into evidence. (Id. at 236.) Petitioner claimed that the admission of the evidence of the stolen checks was an abuse of discretion and violated his due process rights. (Id. Ex. C at 5.)

Petitioner directly appealed this issue to the Missouri Court of Appeals. (Id.) The appellate court found the claim of error to have no merit. (Id. Ex. E at 3.) The court found petitioner failed to meet

his burden of showing that the evidence actually constituted evidence of an uncharged crime as required by State v. Rhodes, 829 S.W.2d 41, 44 (Mo. Ct. App. 1994). Petitioner must show evidence that defendant has committed, or has been accused of, charged with, convicted of, or definitely associated with, another crime or crimes (Id. at 3.) Rather, the court found that the references to the checks were vague and not definitely associated with any other crime. (Id.) Further, the court noted that any reference to the checks would not have a prejudicial effect because the statement was admitted after the jury had already heard petitioner's confession to the robbery. (Id.) Petitioner did not raise this issue in his Rule 29.15 motion.

Petitioner's claim of error asks the court to reexamine evidentiary rulings made by the trial court and affirmed by the Missouri Court of Appeals. Because these rulings are based on Missouri state law this court may not reexamine them, except to determine whether the rulings constitute a constitutional violation. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." See Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998).

The statements referencing the outstanding checks certainly do not reach this level. In light of the strong evidence that petitioner committed the crime, including his confession, the vague and indefinite references to stolen checks are not sufficiently prejudicial as to have denied petitioner due process.

Ground 2 is without merit.


**Ground 3**

In Ground 3, petitioner alleges that during the evidentiary hearing on his post-conviction motion his due process rights were violated when the circuit court denied his request for a continuance to subpoena his alibi witness.

Petitioner's evidentiary hearing for his Rule 29.15 motion was set for April 26, 2001. (Doc. 9 Ex. H at 3.) Petitioner's counsel

requested a continuance at the hearing because he had been unable to subpoena Sara White, petitioner's sister and alibi witness. (Id. at 4.) Counsel stated that Sara White would be unable to attend the hearing without a subpoena allowing her to miss work. (Id.) Counsel stated he never tried to subpoena Ms. White at her place of work. (Id. at 5.) The trial court denied the motion. (Id. at 6.)

Petitioner raised this issue in his Rule 29.15 motion post-conviction appeal to the Missouri Court of Appeals. (Id. Ex. I at 9.) The Missouri Court of Appeals denied relief stating that the trial court had not abused its discretion in its denial of a continuance where the Movant had not filed a written motion pursuant to Rule 65.03-05. (Id. Ex. K at 3.) Further, the court determined there was no abuse of discretion because (1) counsel had represented movant for four months prior to the hearing, and therefore had ample time to prepare, and (2) counsel was aware of the necessity of Ms. White's testimony because counsel's failure to call her had been alleged as an error in the amended motions, yet counsel did not subpoena her. (Id.)

On the matter of continuances, federal habeas courts grant wide discretion to state trial court decisions. Morris v. Slappy, 461 U.S. 1, 11 (1983). Only an unreasonable and arbitrary insistence on speed in the face of a justifiable request for delay would provide grounds for reversal. United States v. West, 878 F.2d 1111, 1112 (8th Cir. 1989).

The record in this case does not show that the trial court abused its discretion in denying petitioner's motion for a continuance. Counsel represented petitioner for four months and still failed to subpoena or attempt to subpoena the witness despite her alleged importance. (Doc. 9 Ex. H at 5.) Petitioner's counsel made an offer of proof at the evidentiary hearing which the court determined incredible. (Id. at 13-23.) Petitioner offered no compelling reason demanding a continuance. Petitioner has failed to show that the trial court's decision to deny him a continuance was objectively unreasonable.

Ground 3 is without merit.

**Ground 4**

In Ground 4, petitioner alleged his trial counsel was constitutionally ineffective for failing to subpoena and investigate his alibi witness, Sara White. Petitioner claimed that his sister, Sara White, could have provided an alibi for him on the night of the robbery. (Id. Ex. G at 48.) Petitioner claims that on the night of the robbery he was babysitting at her home. (Id.) Ms. White failed to attend the Rule 29.15 evidentiary hearing or petitioner's trial. (Id.) Ms. Grimes, petitioner's trial counsel, testified that the petitioner never informed her about Ms. White nor did Ms. White ever contact Ms. Grimes. (Id.)

Petitioner did not raise this issue on direct appeal. Petitioner raised this issue in his Rule 29.15 motion. (Id.) The circuit court denied post-conviction relief stating the petitioner had failed to show "that Sara White would have testified and provided a viable defense to Movant." (Id. at 49.) The Missouri Court of Appeals affirmed the judgment. (Id. Ex. K.)

Again, under the Strickland test, a petitioner claiming ineffective assistance of counsel must show (1) that his attorney's performance was deficient and did not conform to that of a reasonably competent attorney; and (2) that the deficient performance prejudiced the defendant. Strickland, 466 U.S. at 687. If a petitioner's claim of ineffective assistance of counsel is based on the alleged failure to locate and present a witness, the petitioner must show that the witness would have testified and that such testimony would have probably resulted in an acquittal. Stewart v. Nix, 31 F.3d 741, 744 (8th Cir. 1994); Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990).

Petitioner cannot satisfy the Strickland test. Defense counsel testified she was not informed by petitioner about the possible alibi testimony that could be given by Ms. White and that Ms. White never tried to contact her either. Further, petitioner is unable to show that Ms. White's testimony would have probably resulted in an acquittal given the strength of the other evidence against him. Defense counsel acted as a reasonably competent attorney and petitioner was not prejudiced by the failure to call Sara White as a witness. The Missouri Court of

Appeals' decision is neither contrary to nor an unreasonable application of federal law.

Ground 4 is without merit.

**Ground 5**

In Ground 5, petitioner alleges his due process rights were violated when the trial court failed to declare a mistrial when a witness mentioned a prior bad act that was to be excluded pursuant to defendant's motion in limine which the trial court partially granted.

At trial, Detective Roney testified, "I began by asking him questions where he had some checks that were outstanding at the hotel. . . ." (Doc. 9 Ex. B at 230.) After the statement was made the defense requested the court declare a mistrial because the witness had mentioned a past bad act. (Id.) The trial court declined the request but struck the statement. (Id. at 231.)

The Missouri Court of Appeals addressed this issue on direct appeal. (Id. Ex. E at 1.) The court rejected the claim of error. (Id.) The court determined that petitioner failed to prove that a mistrial was warranted as required under State v. Silas, 885 S.W.2d 716, 720 (Mo. Ct. App. 1994). (Id.) The court found: (1) the statement was not sought by the prosecutor; (2) the statement was singular, isolated, and was not emphasized by the prosecutor; (3) there was no inference that those remarks referred to a specific crime; and (4) the court immediately issued an instruction to the jury to disregard the statement. (Id. at 4-5.) Petitioner did not raise this issue in his Rule 29.15 motion.

Whether or not to grant a mistrial is first a matter of state law. Under Missouri law, the declaration of a mistrial is a drastic remedy best left to the trial judge's discretion. State v. Schneider, 736 S.W.2d 392, 400-01 (Mo. 1987). Because it is a drastic remedy, a mistrial should only be declared when no other means exist to minimize or remove the prejudice to the defendant. State v. Twenter, 818 S.W.2d

628, 633 (Mo. 1991); State v. Boyce, 913 S.W.2d 425, 428 (Mo. Ct. App. 1996).

A matter of state law is not ordinarily a proper basis for habeas relief. An alleged error "would not warrant federal habeas relief unless it can be shown that the ruling violated a specific constitutional provision or resulted in a trial so fundamentally unfair as to violate due process." Pickens v. Lockhart, 4 F.3d 1446, 1454 (8th Cir. 1993); see also Ford v. Armontrout 916 F.2d 457, 460 (8th Cir. 1990). Additionally, our review is limited to determining as a matter or law whether the trial court abused its discretion in refusing to grant a mistrial because the trial court is in the better position to determine if a prejudicial effect exists. State v. Young, 701 S.W.2d 429, 434 (Mo. 1985).

The testimony of Detective Roney, even if in violation of the trial court's motion in limine, did not warrant a mistrial. The vague and isolated reference by Detective Roney was not so prejudicial as to render the entire trial fundamentally unfair. In addition, the trial court, which was in the best position to detect prejudice, immediately issued an instruction which eliminated possible prejudice.

Ground 5 is without merit.

**Ground 6**

In Ground 6, petitioner alleges his due process rights were violated when the trial court failed to declare a mistrial after the prosecutor commented on plea negotiations during his closing statement. During his closing argument the prosecutor said,

> Steve Baruzzini can't say that anyone else was involved in this robbery, and we are not going to make a deal with this guy who identifies them because he identifies himself as the trigger man.

(Doc. 9 Ex. B at 265.)

Petitioner's defense counsel objected arguing that a mistrial should be declared because the prosecutor referred to plea negotiations. (Id.) The trial court determined that the statement was improper and should be disregarded but that no mistrial would be granted. (Id. at 266-67.)

-12-

Petitioner did not raise this issue on direct appeal to the Missouri Court of Appeals. Petitioner raised this issue in his Rule 29.15 motion. (Id. Ex. G at 13.) The circuit court denied post-conviction relief stating that claims of improper arguments are not cognizable in a Rule 29.15 motion. (Id. at 51.) The Missouri Court of Appeals affirmed the judgment. (Id. Ex. K.)

When deciding whether the prosecutor's closing argument violated the petitioner's rights, the court must ask whether or not the comments made by the prosecutor "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Sublett v. Dormire, 217 F.3d 598, 600 (8th Cir. 2000). Federal habeas relief is only granted in cases where "the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial." James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999).

The prosecutor's remark was in response to defense counsel's argument that there had not been sufficient investigation in the case. (Doc. 9 Ex. B at 266.) While the judge found that the statement was improper, the argument was not so inflammatory or so outrageous that any judge would have sua sponte declared a mistrial and the trial court instructed the jury to disregard the prosecutor's statement. (Id. at 267.)

Ground 6 is without merit.

### Ground 7

In Ground 7, petitioner alleges his due process rights were violated when the trial court denied his motion in limine to suppress the hearsay statements made by witness Amy Brusca.

Amy Brusca testified that petitioner had told her that he robbed the Hampton Inn. (Id. at 209-10.) Later, after petitioner and Brusca had a falling out, she told her story to the police. (Id. at 212.) Detective Roney interviewed the petitioner based on the statements made by Brusca and another acquaintance of the petitioner. (Id. at 224-25.)

Petitioner raised this issue in his Rule 29.15 motion claiming ineffective assistance of counsel. (Id. Ex. G at 10.) The circuit court denied post-conviction relief as follows:

> This Court has reviewed the transcript and finds there were no grounds to strike the testimony of the witnesses. Trial counsel brought out biases and inconsistencies of the witnesses in voir dire examination and cross-examination. Bias and inconsistent statements affect the weight to be given testimony, not its admissibility.

(Id. at 50.)

Evidentiary rulings are state law questions and the Supreme Court determined that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68. Therefore, the only issue before this court is whether the admission of the statements violated petitioner's federal constitutional rights. "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Bounds, 151 F.3d at 1119.

The admission of Amy Brusca's statements did not deny petitioner due process. The circuit court determined that the statements were admissible and unobjectionable. The defense counsel had the opportunity to bring out the bias and inconsistencies on cross-examination. In her testimony on cross-examination, Amy Brusca admitted she had a falling out with the defendant and that was her motivation for testifying. (Doc. 9 Ex. B at 219-20.) The admission of the statements did not rise to the degree of fatally infecting the trial and depriving petitioner of due process.

Ground 7 is without merit.

### Ground 8

In Ground 8, petitioner alleges trial counsel was constitutionally ineffective for failing to exclude certain testimony of Detective Roney.

At trial, Detective Roney testified as follows:

> Q. And just for the Court's knowledge, what was the substance of the statement?

-14-

A.   That on April 27 that he had started staying at
      the Hampton Inn and on May the 5th, him and his friends,
      Mario and Cornell -- Cordell Williams robbed the hotel.

(Id. at 130-31.)

           Q.   Could you read the body of that written statement
      on the record as written by Mr. Turner?

           A.   On April 27, 1998, I went to the Hampton Inn,
      stayed there until May 5th, 1998.  Me, Cordell Williams,
      Mario Hemphill had -- let's see -- had turned around, called
      a guy named Tony.

(Id. at 137.)

           Q.   Detective, would you read the statement written
      out by David Turner to the jury slowly and clearly?

           A.   It says: April 27, 1998.  I went to the Hampton
      Inn, stayed there until May 5th 1998.  Me, Cordell Williams,
      Mario Hemphill had turned around, called a guy named Tony.
      He brought a shotgun.  Then that night, me, Mario, Cordell,
      robbed the Hampton Inn, went downstairs, then proceeded.

(Id. at 236.)

   Petitioner alleged in his post-conviction appeal that his counsel was ineffective for failing to strike the statements made by the defendant and read into the record by the detective because they were not identical. (Id. Ex. G at 13.)

   As stated previously, the Strickland test is used to determine whether counsel was constitutionally ineffective. Strickland, 466 U.S. at 668.  Federal habeas corpus relief is required if it shown that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Id.  First, the habeas petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness.  Id. at 687-88.  The petitioner must overcome a strong presumption that counsel has rendered constitutionally effective assistance.  Id. at 690; Blackmon, 825 F.2d at 1265.  Second, the petitioner must demonstrate that he was actually prejudiced by counsel's dereliction of duty.  Id. at 687.  The prejudice must not be simply a "possibility" but an "actual and substantial disadvantage, infecting

-15-

[petitioner's] entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

Petitioner did not directly appeal this issue to the Missouri Court of Appeals from the conviction and sentence. Petitioner raised this issue in his Rule 29.15 motion. (Doc. 9 Ex. G at 13.) The circuit court, in denying post-conviction relief, applied the test articulated in Stickland. (Id. at 47-49.) Specifically, the circuit court denied post-conviction relief finding counsel to be effective and stating that "[b]ias and inconsistent statements affect the weight to be given testimony, not its admissibility." (Id. at 50.) Further, the circuit court determined the petitioner failed to demonstrate prejudice. (Id.) The Missouri Court of Appeals affirmed the judgment.

The Missouri courts properly and reasonably applied the applicable Strickland test to the facts of the case.

Ground 8 is without merit.

## IV. RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned United States Magistrate Judge that the habeas petition of David A. Turner be denied and the action dismissed with prejudice.

The parties are advised that they have twenty (20) days in which to file written objections to this Report and Recommendation. The failure to timely file written objections may result in the waiver of the right to appeal issues of fact.

                                       /S/   David D. Noce
                                   **UNITED STATES MAGISTRATE JUDGE**

Signed on February 4, 2009.